UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM ELLIS, )   )
    Petitioner, )
 )   CAUSE NO.  3:06-CV-505 JM
    v. )
 )
JAMES MEEHAN, *et al.*, )
 )
    Respondent. ) | |

## OPINION AND ORDER

Adam Ellis, a *pro se* prisoner, filed this habeas corpus petition challenging his sixty day loss of earned credit time by the Indiana State Prison Disciplinary Hearing Board (DHB) on April 17, 2006. In ISP 06-03-287, the DHB found that he possessed an unauthorized substance in violation of A-112. The respondent has responded to the order to show cause and submitted the administrative record. Ellis has filed a traverse. Therefore this case is ripe for ruling. Though Ellis presents seven grounds in his petition, because the court grants relief on the first ground, it is unnecessary to consider the other six.

Ellis argues that he was denied due process because he was prevented from presenting the testimony of a fellow inmate, Lloyd Lichti, IDOC # 142530. As a part of the return, the respondent presented the administrative record which includes the witness statement of Lloyd Lichti, IDOC # 142530, dated April 4, 2006. Attachment to the Return, Exhibit H6, DE 11-9 at 6. The respondent argues that the DHB considered this statement, along with others in the record, because it checked the box indicating

that it considered evidence from witnesses. Though that box is checked on the Report of Disciplinary Hearing, the written reason for decision states, "Offender Lloyd 142530 has had 18 days to write a witness statement, DHB can not make offenders write a witness statement." Attachment to the Return, Exhibit J1, DE 11-11 at 1. Though it is unclear why the DHB did not recognize that they had Lloyd Lichti's witness statement, their written reason for the decision makes clear that they did not believe that they did. Based on this record, the court does not conclude that the DHB recognized and considered this witness statement. Even if they read the statement, it is clear that they did not comprehend who it was from. *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that an accused inmate in a prison disciplinary hearing have the opportunity to present evidence and have it considered. Because this witness statement was not considered, Ellis was denied his due process right to present evidence.

For the foregoing reasons, the Court **CONDITIONALLY GRANTS** the writ of habeas corpus on Ground 1. The State must either give Adam Ellis a new hearing on this charge or restore 60 days good time credit to him within 120 days of this order.

**SO ORDERED.**

Date: February 20, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT